**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND GALUSHA; et al.,

      Plaintiffs - Appellants,

    v.

MARGARET V. DOWLING; et al.,

      Defendants - Appellees.

No. 10-56810

D.C. No. 2:10-cv-04573-PSG-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 26, 2012 [**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Raymond Galusha and Anne Waters appeal pro se from the district court's

judgment dismissing their action alleging that defendants violated their due process

rights, conspired to defraud them, and that defendant Dowling breached a contract

with Waters. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissals for lack of personal jurisdiction, *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011), and we affirm.

The district court properly dismissed the claims against Romero for lack of personal jurisdiction because Galusha and Waters failed to establish that personal jurisdiction existed over her. *See id.* at 1073, 1076 (discussing requirement for a district court sitting in California to exercise personal jurisdiction over a nonresident defendant and explaining that a court does not "assume the truth of allegations in a pleading which are contradicted by affidavit" (internal quotation marks and citation omitted)).

The district court properly dismissed the claims against Huling for lack of personal jurisdiction because Galusha and Waters failed to establish that specific personal jurisdiction existed over her based on her actions as a New Mexico judge presiding over litigation brought by Galusha and Waters in a New Mexico court. *See id.*; *see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416-17 (1984) (unilateral activities by plaintiff are not sufficient to establish purposeful availment).

The district court properly dismissed the contract claim against Dowling because Galusha and Waters failed to establish that Dowling purposefully availed herself of the privilege of conducting business in California based on the relevant

contracts.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004) (discussing purposeful availment standard, which is "most often used in suits sounding in contract").

The district court properly dismissed the tort claims against Dowling and Weems because Galusha and Waters failed to establish that the alleged actions satisfied the purposeful direction standard.  *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (discussing standard).  We do not consider arguments regarding personal jurisdiction raised by Galusha and Waters for the first time on appeal.  *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

**AFFIRMED.**

10-56810